UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KATRINA GRIFFIN SARTOR, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:12CV448 JCH |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before the Court on pro se Movant Katrina Griffin Sartor's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed March 12, 2012. (ECF No. 1).

**BACKGROUND**

By way of background, on July 9, 2008, Movant pled guilty to one count of conspiracy to distribute and possess with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to launder money, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i).[1] The Plea Agreement recommended a base offense level of 32, with a full three level decrease if Movant accepted responsibility for her conduct under Section 3E1.1 of the Sentencing Guidelines. (Plea Agreement, Guidelines Recommendations and Stipulations (4:07CR679 JCH, ECF No. 43), PP. 6-8). With respect to Chapter 2 Specific Offense Characteristics, the parties recommended as follows: "Two levels should be added pursuant to Section 2S1.1(b)(2)(B) as the defendant was convicted under 18 U.S.C. Section 1956." (Id., P. 7). With respect to Chapter 3 Specific Offense

---

[1] An earlier indictment charging Movant with the same offenses was dismissed without prejudice on July 18, 2007, as a result of violations of the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

Characteristics, the parties recommended as follows: "Role: Three (3) levels should be added pursuant to Section 3B1.1, because the defendant was a manager or supervisor (but not an organizer/leader) of a criminal activity that involved five or more participants." (Id.). The parties thus estimated a total offense level of 34. (Id., P. 8). The Plea Agreement left the determination of Movant's Criminal History Category to the Court, after it reviewed the Presentence Investigation Report ("PSR"). (Id.). The Plea Agreement further acknowledged as follows with respect to statutory penalties:

> Count I
> The defendant fully understands that as to Count I of the Indictment the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than life and a fine of not more than $4,000,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than 5 years and not more than life. The defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of 10 years.
> Count II
> The defendant fully understands that, as to Count II of the Indictment, the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 20 years and a fine of not more than $500,000.00, or both such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years.

(Id., P. 12). Movant signed the Plea Agreement on July 9, 2008. (Id., P. 16).

On October 24, 2008, Movant was sentenced to 151 months imprisonment on each count, such terms to run concurrently, followed by a five year term of supervised release. (Judgment (4:07CR679 JCH, ECF No. 52)). Movant did not file a direct appeal at that time, but she later filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. The Court granted this § 2255 Motion, and set aside Movant's original sentence on December 17, 2010. Movant was resentenced on March 11, 2011, to 120 months imprisonment, followed by five years supervised release. (Amended Judgment (4:07CR679 JCH, ECF No. 74)). She appealed this latter sentence, but the Eighth Circuit

Court of Appeals dismissed her appeal in an opinion entered February 9, 2012. (Judgment of the Eighth Circuit Court of Appeals (4:07CR679 JCH, ECF No. 86)).

As stated above, Movant filed the instant § 2255 Motion on March 12, 2012, alleging she received ineffective assistance of counsel in that counsel:

(1) Failed to object to allegedly false information in the Plea Agreement;

(2) Failed to advise Movant regarding the nature and circumstances of the Plea Agreement;

(3) Failed to object to the imposition of an aggravated role adjustment in the PSR; and

(4) Failed to investigate and prepare for the sentencing hearing.

(§ 2255 Motion, P. 4). The Court will address Movant's claims in turn.

## **STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" *Reed*, 512 U.S. at 353 (quoting *Davis v. United States*, 417 U.S. 333, 344 (1974)).

relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw*, 24 F.3d at 1043 (citation omitted).

**I.     Ground 1**

As stated above, in Ground 1 of her § 2255 Motion Movant asserts she received ineffective assistance of counsel, in that trial counsel failed to object to allegedly false information in the Plea Agreement. (Memorandum in Support of § 2255 Motion, PP. 3-4). Specifically, Movant alleges the Plea Agreement contained the following false information: (1) that Movant was involved with the conspiracy through November 8, 2007; (2) that Movant was a supervisor/manager of the drug conspiracy; (3) that Movant distributed heroin to several people; (4) that a co-Defendant deposited money into a bank account for Movant; (5) that Movant had co-conspirators storing, selling, and transferring drugs on her behalf; and (6) that money was seized from Movant on July 30, 2002.

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Movant satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. *Id.* at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of a guilty plea, to demonstrate prejudice the Movant must show that, but for counsel's error, she would not have pled guilty, but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Upon consideration the Court finds that with this claim, Movant fails to demonstrate the requisite prejudice; in other words, she fails to establish that absent her counsel's alleged error, she would have insisted on proceeding to trial. Rather, during the guilty plea proceeding the District Court questioned Movant extensively regarding her understanding of the Plea Agreement and her decision to plead guilty, as follows:

| | |
|---|---|
| THE COURT: | Now do you understand that you are under oath and if you would answer any of my questions falsely, you might later be prosecuted for making a false statement or for perjury? |
| DEFENDANT: | I understand.... |
| THE COURT: | Now, Miss Sartor, have you received a copy of the indictment or the charges against you? |
| DEFENDANT: | Yes. |
| THE COURT: | And have you had an opportunity to review and discuss those charges with Mr. Dede (Movant's attorney)? |
| DEFENDANT: | Yes. |
| THE COURT: | Do you have any question about the charges themselves? |
| DEFENDANT: | No.... |
| THE COURT: | I have received a document entitled "Plea Agreement, Guidelines, Recommendations and Stipulations." This is a 16-page document....Now, Miss Sartor, have you had an opportunity to review and discuss the provisions of this document with Mr. Dede? |

| | |
|---|---|
| DEFENDANT: | Yes, Ma'am. |
| THE COURT: | And are you in agreement with everything contained in this document? |
| DEFENDANT: | Yes, Ma'am. |
| THE COURT: | Is there anything in this document with which you disagree? |
| DEFENDANT: | No. |
| THE COURT: | Do you have any questions about any provision of this document? |
| DEFENDANT: | No. |
| THE COURT: | Has anyone made any promises or assurances to you other than what's contained in this document in order to cause you to plead "guilty" today? |
| DEFENDANT: | No. |
| THE COURT: | Has anyone tried to force or coerce you into pleading "guilty" today? |
| DEFENDANT: | No. |
| THE COURT: | Are you doing this of your own free will? |
| DEFENDANT: | Yes, Ma'am.... |

(Change of Plea Hearing Transcript (4:07CR679 JCH, ECF No. 62), PP. 2-3, 4-6). The Court further questioned Movant regarding her understanding of the possible penalties associated with her plea of guilty. (Id., PP. 6-8). Mr. Davis[3] then stated the relevant facts in Movant's case. (Id., PP. 11-14). Movant testified under oath that she agreed with everything Mr. Davis had stated, and that she had committed the acts as described by Mr. Davis and in the stipulation. (Id., P. 14). When asked how

---

[3] John Davis was the Assistant United States Attorney assigned to Movant's case.

she intended to plead to the indictment, guilty or not guilty, Movant stated guilty. (Id., PP. 14-15). Finally, the Court questioned Movant with respect to her satisfaction with counsel, as follows:

> THE COURT: Are you satisfied with the representation you have received from Mr. Dede in this case?
>
> DEFENDANT: Yes.
>
> THE COURT: Do you have any complaints whatsoever about his representation of you?
>
> DEFENDANT: No.

(Id., P. 4). Based on Movant's representations during her change of plea proceeding, the Court held as follows:

> THE COURT: It is the finding of the Court in the case of *United States v. Griffin Sartor* that the Defendant is fully competent and capable of entering an informed plea; that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of "guilty" is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses in Counts I and II. The plea to Counts I and II is, therefore, accepted and the Defendant is now adjudged guilty of those offenses.

(Id., P. 15).

The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith v. Lockhart*, 921 F.2d 154, 157 (8th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). This Court thus finds that Movant's own testimony demonstrates she committed the offenses at issue, voluntarily pled guilty, and received effective assistance of counsel. *Smith*, 921 F.2d at 157. Ground 1 of Movant's § 2255 Motion will therefore be denied.

## II. Ground 2

As stated above, in Ground 2 of her § 2255 Motion Movant asserts she received ineffective assistance of counsel, in that trial counsel failed to advise Movant regarding the nature and circumstances of the Plea Agreement. (Memorandum in Support of § 2255 Motion, P. 4). Specifically, Movant asserts counsel failed to explain that she would face a mandatory minimum sentence in the event that she pled guilty, nor did he explain the United States Sentencing Guidelines ranges and the effect they would have on Movant's sentence. Furthermore, Movant asserts counsel failed to explain that entering into the Plea Agreement was optional.

Upon consideration, the Court again finds that with this claim Movant fails to demonstrate the requisite prejudice, as her claim is belied by her testimony during the guilty plea proceeding, as follows:

> THE COURT: Now, Miss Sartor, do you also understand that the maximum possible penalty under law for the offense in Count I is imprisonment of not more than life and a fine of not more than four million dollars or both imprisonment and a fine?
>
> DEFENDANT: Yes.
>
> THE COURT: And do you understand that if I accept your plea of "guilty," I will also impose a period of supervised release of not less than five years, nor more than life?
>
> DEFENDANT: Yes.
>
> THE COURT: And do you also understand that this offense carries with it a mandatory minimum term of imprisonment of ten years?
>
> DEFENDANT: Yes.
>
> THE COURT: And with respect to Count II, do you understand that the maximum possible penalty for this offense is imprisonment of not more than 20 years and a fine of not more than $500,000 or both imprisonment and a fine?
>
> DEFENDANT: Yes.

| | |
|---|---|
| THE COURT: | And do you also understand that this Count carries with it a period of supervised release of not more than three years? |
| DEFENDANT: | Yes. |
| THE COURT: | Now do you also understand that if I accept your plea of "guilty," in order to determine what sentence to impose in your particular case, I will be consulting the *Sentencing Guidelines*? |
| DEFENDANT: | Yes. |
| THE COURT: | Now have you discussed with Mr. Dede how the *Sentencing Guidelines* might apply in your particular case? |
| DEFENDANT: | Yes.... |
| THE COURT: | Now, Miss Sartor, do you understand that you do have the right to plead "not guilty" to each of these charges? |
| DEFENDANT: | Yes. |
| THE COURT: | And do you understand that in the event you would plead "not guilty" --....Now do you understand that if you did go to trial, you would be entitled to a trial before a judge or before a jury? |
| DEFENDANT: | Yes. |
| THE COURT: | And do you understand that at that trial, you would have the right to be represented by a counsel? |
| DEFENDANT: | Yes. |
| THE COURT: | And you would have the right to confront and have Mr. Dede cross-examine the Government's witnesses against you? |
| DEFENDANT: | Yes. |
| THE COURT: | And do you understand that you would have the right to subpoena and bring forward witnesses to testify on your behalf? |
| DEFENDANT: | Yes. |

| | |
|---|---|
| THE COURT: | And you also -- Do you also understand that you would not be required to testify at that trial but if you wished to testify, you could? |
| DEFENDANT: | Yes. |
| THE COURT: | And do you understand that you would be presumed innocent unless and until the Government proved your guilt on each Count beyond a reasonable doubt? |
| DEFENDANT: | Yes. |
| THE COURT: | Now do you understand that by pleading "guilty" today, there will be no trial -- and I accept your plea of "guilty," there will be no trial and you will have given up each of these rights? |
| DEFENDANT: | Yes, I understand. |

(Change of Plea Hearing Transcript (4:07CR679 JCH, ECF No. 62), PP. 6-8, 9-11).

As noted above, the Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith*, 921 F.2d at 157. This Court thus finds that Movant's own testimony demonstrates Movant was aware of both the mandatory minimum sentence she faced, and the possible effects of the United States Sentencing Guidelines on her sentence. Movant's testimony further demonstrates she understood the voluntary nature of her plea, and the rights she was relinquishing in entering the plea. Under these circumstances, Movant fails to establish that, but for counsel's alleged error, she would not have pled guilty, but would have insisted on going to trial. *Hill*, 474 U.S. at 59. Ground 2 of Movant's § 2255 Motion will therefore be denied.

**III.   Ground 3**

As stated above, in Ground 3 of her § 2255 Motion Movant asserts she received ineffective assistance of counsel, in that trial counsel failed to object to the imposition of an aggravated role adjustment in the PSR. (Memorandum in Support of § 2255 Motion, P. 4). Specifically, Movant

asserts that although she advised counsel she was neither a manager nor a supervisor, counsel failed to object to the enhancement.

As noted above, the Plea Agreement in Movant's case contained the following relevant provision: "Role: Three (3) levels should be added [to Movant's base offense level] pursuant to Section 3B1.1, because the defendant was a manager or supervisor (but not an organizer/leader) of a criminal activity that involved five or more participants." (Plea Agreement (4:07CR679 JCH, ECF No. 43), P. 7). Movant acknowledged under oath that she understood and agreed with everything in the Plea Agreement. (Change of Plea Hearing Transcript (4:07CR679 JCH, ECF No. 62), PP. 4-6). Movant further agreed under oath that she had committed the acts as described by the prosecuting attorney, which included conspiring with at least six others, and providing heroin to at least three other participants. (Id., PP. 11-14).

As noted above, the Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" *Smith*, 921 F.2d at 157. This Court thus finds that Movant's own testimony establishes Movant was a manager or supervisor of a criminal activity that involved five or more participants, and thus her counsel was not deficient for failing to object on that basis. Ground 3 of Movant's § 2255 Motion will therefore be denied.

## IV. Ground 4

As stated above, in Ground 4 of her § 2255 Motion Movant asserts she received ineffective assistance of counsel, in that trial counsel failed to investigate and prepare for the sentencing hearing. (Memorandum in Support of § 2255 Motion, PP. 4-5). Specifically, Movant complains counsel was not familiar with several elements of her case, including her strong family responsibilities as a single mother, and her extensive volunteerism at local schools and churches.

Upon review, the Court finds Movant's claim once again is belied by the record. Movant's attorney timely filed objections to the PSR. (4:07CR679 JCH, ECF No. 45). During the sentencing hearing in Movant's case, trial counsel made a long and impassioned speech on her behalf. (Sentencing Hearing Transcript (4:07CR679 JCH, ECF No. 63), PP. 5-11). Counsel spoke of Movant's efforts to support her children, and to provide for their emotional and financial well-being. He further noted her post-arrest initiative in starting a new business that employed several people, and reminded the Court that she had incurred no violations during her period of house arrest. Under these circumstances, the Court does not find Movant's attorney's efforts on her behalf during the sentencing phase of her case fell outside the wide range of professionally competent assistance sanctioned by *Strickland*, and so Ground 4 of her § 2255 Motion must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED,** and her claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 6th day of June, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE